UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

I.E.E. INTERNATIONAL ELECTRONICS &
ENGINEERING, S.A. and IEE SENSING, INC.,

        Plaintiffs/Counter-Defendants,

Case No. 10-13487
Hon. Gerald E. Rosen

v.

TK HOLDINGS INC. and TAKATA-PETRI A.G.,

        Defendants/Counter-Plaintiffs.
_____/

## ORDER REGARDING CROSS-MOTIONS TO EXTEND SCHEDULING ORDER DEADLINES

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on    March 1, 2013

PRESENT: Honorable Gerald E. Rosen
                    Chief Judge, United States District Court

Through the present cross-motions, each side requests an extension of certain of the dates and deadlines set forth in the August 14, 2012 order through which the Court established a schedule for the second phase of this litigation — that is, for discovery, dispositive motion practice, and trial of the claims and counterclaims asserted between Plaintiffs and Defendant Takata-Petri A.G.  Specifically, Plaintiffs ask that the discovery period for expert discovery only be extended by approximately one month (until April 4, 2013), that the deadline for filing summary judgment motions be extended by two weeks

(until April 16, 2013), and that the remaining dates be left unchanged.[1] Defendant Takata-Petri, for its part, requests that the discovery period (for fact and expert discovery alike) be extended until May 17, 2013, that the dispositive motion deadline be extended to May 31, 2013, and that the final pretrial conference and trial dates be adjourned and reset by the Court following its ruling on the parties' dispositive motions. As discussed briefly below, the Court finds that Defendant's proposed amendment of the scheduling order is more consistent with the Court's prior rulings in this case on scheduling matters, and offers a far greater prospect that the parties will be able to successfully complete their discovery efforts before the expiration of the (extended) deadline.

In its prior orders in this case, the Court has repeatedly declined the parties' invitations to establish separate deadlines for fact and expert discovery, and has instead expressed its preference for a single, unified discovery period, with the parties remaining free to "stage and sequence [their] discovery efforts within this period as they see fit." (8/14/2012 Order at 2-3; *see also* 2/11/2011 Order at 2.) Thus, to the extent that the extensions proposed in Plaintiffs' motion would stray from this preferred approach, the Court once again declines this invitation. More importantly, given that the Magistrate Judge has very recently issued orders resolving the parties' latest discovery disputes, and

---

[1] Plaintiffs' motion also includes a seemingly unrelated request that the Court appoint a technical advisor to assist it in resolving the parties' pending and forthcoming summary judgment motions. While the Court is fully aware of its authority to grant this request, it does not view such an appointment as necessary or helpful at this time. The Court, of course, reserves the right to revisit this matter as it deems appropriate upon more thorough review and careful consideration of the arguments advanced and issues raised in the parties' summary judgment motions.

given that these orders require the production of supplemental interrogatory responses and documents — and, in fact, even contemplate the possibility of additional discovery, (*see* 2/13/2013 Order at 3) — the Court finds it exceedingly unlikely, to say the least, that the parties could conclude their fact discovery efforts by the existing discovery cut-off date of February 28, 2013. Rather, the Court agrees with Defendant that good cause has been shown for a reasonable, 60-to-90-day extension of the period for fact and expert discovery alike.

Indeed, the Magistrate Judge anticipated the need for such an extension back in November of 2012. (*See* 11/30/2012 Order at 3.) Upon reviewing the record of the parties' discovery efforts to date, the Court fully concurs in and accepts the Magistrate Judge's well-informed judgment that "[w]hile neither party deserves an award for their cooperation in conducting discovery, . . . both sides have made reasonable efforts to pursue the litigation process and external factors have substantially contributed to the length of time it has taken to complete discovery." (*Id.* at 4). Rather than granting extremely limited extensions and imposing tight deadlines that would likely only set the parties up to fail,[2] the Court finds it more prudent and appropriate to amend its scheduling order along the more generous lines proposed by Defendant. Accordingly, for these

---

[2]The same can be said for the Court itself. While Plaintiffs have structured their proposed extensions in a manner that preserves the existing final pretrial conference and trial dates, the Court is skeptical of its own ability to hear and resolve the parties' forthcoming summary judgment motions in the short window between their filing — on or before April 16, 2013, under Plaintiffs' proposal — and the existing final pretrial conference date of July 11, 2013, particularly considering that the Court has not yet heard or ruled on the summary judgment motions filed in the earlier phase of this litigation.

reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiffs' January 18, 2013 motion (i) for an order extending the expert discovery and summary judgment deadlines, and (ii) requesting a court-appointed expert to assist in the resolution of the parties' summary judgment motions (docket #374) is DENIED. IT IS FURTHER ORDERED that Defendant's February 4, 2013 cross-motion to extend the Court's August 14, 2012 scheduling order (docket #378) is GRANTED.

In accordance with these rulings, IT IS FURTHER ORDERED that the Court's October 7, 2010 scheduling order, as most recently amended by order dated August 14, 2012, is further AMENDED to establish the following extended dates and deadlines governing the litigation of the claims and counterclaims between Plaintiffs and Defendant Takata-Petri A.G.:

| | |
|---|---|
| Preliminary Witness Lists: | 5/17/2013 |
| Discovery Cut-Off: | 5/31/2013 |
| Final Witness Lists: | 6/14/2013 |
| Dispositive Motions: | 7/1/2013 |

The remaining dates established in the Court's prior orders — *i.e.,* the dates for

submission of a proposed joint final pretrial order, the final pretrial conference, and trial — are adjourned, to be reset by the Court following its rulings on the parties' forthcoming dispositive motions.

                                  s/Gerald E. Rosen
                                  Chief Judge, United States District Court

Dated:  March 1, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 1, 2013, by electronic and/or ordinary mail.

                                  s/Julie Owens
                                  Case Manager