UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

I.E.E. INTERNATIONAL ELECTRONICS &
ENGINEERING, S.A. and IEE SENSING, INC.,

        Plaintiffs/Counter-Defendants,

v.

TK HOLDINGS INC. and TAKATA A.G.,

        Defendants/Counter-Plaintiffs.
_____/

Case No. 10-13487
Hon. Gerald E. Rosen

**ORDER DENYING DEFENDANTS'
MOTION FOR RECONSIDERATION**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     November 14, 2014

PRESENT: Honorable Gerald E. Rosen
                   Chief Judge, United States District Court

In an opinion and order issued on October 23, 2014, the Court ruled on motions for summary judgment brought by Plaintiffs, Defendant TK Holdings Inc. ("TKH"), and Defendant Takata A.G. ("TKAG"). Through a motion filed on November 5, 2014, Defendants now seek reconsideration of two discrete aspects of the Court's October 23 decision.

Under Local Rule 7.1(h)(3) of this District, this Court ordinarily "will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." More generally, it is well established that "[a] motion for reconsideration is not properly used as a vehicle to rehash

old arguments or to advance positions that could have been argued earlier but were not." *Smith v. Mount Pleasant Public Schools,* 298 F. Supp.2d 636, 637 (E.D. Mich. 2003). In this case, the parties were afforded ample opportunity to raise and brief myriad issues in support of and in opposition to the parties' three summary judgment motions, and the Court then addressed and ruled on these issues in a comprehensive 94-page opinion. Against this backdrop, it would seem unlikely that Defendants could raise an argument in their present motion that was fairly presented in the parties' underlying and exhaustive summary judgment briefing, but that the Court nonetheless failed to recognize and address in its October 23 opinion. Whatever the theoretical possibility that this could occur, the Court readily concludes that neither of the challenges advanced in the present motion warrants reconsideration of the October 23 ruling.

First, Defendants argue that the Court erred in rejecting Defendant TKH's contention in its summary judgment motion that, for purposes of its invalidity challenges to U.S. Patent No. 7,656,169 (the "'169 Patent") asserted by Plaintiffs, TKH's patent application no. 2007/0,192,007 (the "'007 Application") was entitled to the priority of an earlier-filed provisional application. In Defendants' view, the Court held TKH to an overly stringent standard of proof in finding that this claim of priority was "wholly unsupported by any argument or evidence of any kind." (10/23/2014 Op. at 31.) More specifically, Defendants suggest that the Court erroneously looked to a case cited by Plaintiffs, *PowerOasis, Inc. v. T-Mobile USA, Inc.,* 522 F.3d 1299, 1305-06 (Fed. Cir. 2008), in determining whether TKH could rely on the earlier filing date of the provisional

application to demonstrate the prior art status of the '007 Application, when the Court instead should have asked only whether the disclosures drawn from the '007 Application in support of the invalidity arguments of TKH and its expert were "contained in substance" in the earlier-filed provisional application. (Defendants' Motion for Reconsideration, Br. in Support at 4 (quoting *In re Giacomini,* 612 F.3d 1380, 1385 (Fed. Cir. 2010) (internal quotation marks and citation omitted)).)

Defendants' discussion of Federal Circuit case law, however, overlooks the more basic reason given by the Court for rejecting TKH's appeal to the earlier filing date of the provisional application — namely, that this appeal was "wholly unsupported by ***any argument or evidence of any kind***," a deficiency that TKH failed to address or correct even after Plaintiffs pointed it out in their response to TKH's summary judgment motion. (10/23/2014 Op. at 31 (emphasis added).) In its brief in support of its summary judgment motion, Defendant TKH stated in wholly conclusory fashion, without elaboration or citation to the record, that "[t]he '007 Application claims priority to" the earlier-filed provisional application. (Defendant TKH's Motion, Br. in Support at 10.) TKH made no effort to explain — as it now does for the first time in the present motion for reconsideration — that this claim of priority was proper because the relevant disclosures made in the '007 Application were "contained in substance" in the earlier provisional application. As for "evidence" that could support this claim of priority, TKH stated that its expert, Dr. William W. Fultz, had "described" and "explain[ed]" in his expert report "how the TKH '007 Application anticipates claim 10 of the '169 patent because each

3

element is disclosed in the provisional application." (*Id.*) The only record support for this assertion, however, was a citation to a claims chart accompanying Dr. Fultz's expert report, and the only "description" and "explanation" provided in TKH's summary judgment brief consisted not of expert opinion, but entirely of terse, bare-bones attorney argument as to how elements of the '169 Patent purportedly were "disclose[d]" or "shown" in figures found in the provisional application. (*Id.*) In tacit recognition of the insufficiency of this showing, Defendants' present motion is accompanied by the evidence that was promised but not delivered in TKH's underlying summary judgment motion — namely, an excerpt of Dr. Fultz's expert report in which he expressly states that "[f]or my analysis of the TKH '007 application, I relied upon the drawings and disclosure of the earlier filed provisional application," and that "[w]hen I refer to the TKH '007 application, I am relying on the disclosure contained in the related provisional application." (Defendants' Motion for Reconsideration, Ex. B, Fultz 4/2/2012 Expert Report at ¶ 134.)

Thus, as with other issues that were alluded to but left undeveloped in Defendant TKH's summary judgment briefing, (*see, e.g.,* 10/23/2014 Op. at 78), the Court held in its October 23 ruling that TKH had forfeited its appeal to an earlier effective reference date for its '007 Application by failing to marshal any argument or evidence in support of this claim of priority, (*see id.* at 31 & n.17). As explained earlier, a motion for reconsideration is not an appropriate vehicle for rehashing or shoring up deficiencies in an argument advanced in a party's underlying summary judgment motion. Accordingly,

the Court declines to revisit its determination that Defendant TKH failed in its summary judgment motion to "identify a basis for treating the '007 Application as prior art under § 102(e)." (*Id.* at 31.)[1]

Defendants' next challenge to the October 23 ruling is similarly defeated by a careful reading of this decision, as well as an understanding of the arguments advanced by the parties in their underlying summary judgment motions. According to Defendants, the Court unduly "discounted" a declaration in which an employee of the Massachusetts Institute of Technology Libraries, Marilyn McSweeney, attested to the public availability of an alleged prior art reference, the doctoral dissertation of Joshua Reynolds Smith (the "Smith Thesis"). (Defendants' Motion for Reconsideration, Br. in Support at 9.) Yet, as Defendants seemingly recognize in their present motion, the Court held in its October 23 decision only that Defendant TKH (but not Defendant TKAG) was precluded from relying on Ms. McSweeney's declaration to establish the prior art status of the Smith Thesis, in light of TKH's failure to name Ms. McSweeney on its preliminary or final

---

[1] In their present motion, Defendants express some uncertainty as to the meaning and scope of the Court's statement in its October 23 ruling that Defendant TKH had "forfeited the claim of priority advanced in its motion." (*Id.* at 31 n.17.) Because this forfeiture was based solely on deficiencies in TKH's summary judgment briefing, it is clear that TKH forfeited its appeal to the earlier filing date of the provisional application ***only*** for purposes of the Court's ruling on TKH's summary judgment motion, and ***not*** to the extent that TKH might wish to pursue this claim of priority at trial. Contrary to Defendants' assertion in their present motion, the Court has not altogether "foreclose[d] TKH from relying on the TKH '007 Application as a prior art reference," (Defendants' Motion for Reconsideration, Br. in Support at 8), but merely held in its October 23 decision that TKH could not rely on this reference in its summary judgment briefing to establish the invalidity of the '169 Patent as a matter of law. As expressly stated at the conclusion of the October 23 ruling, (*see* 10/23/2014 Op. at 94 n.50), both Defendants remain free at trial to pursue their various challenges to the validity of the asserted claims of the '169 Patent.

witness lists.  (*See* 10/23/2014 Op. at 34-35 n.19.)  Despite this ruling, the Court then proceeded to "assum[e]" that the Smith Thesis qualified as prior art, but nonetheless found that "issues of fact preclude a determination as a matter of law that the '169 Patent is invalid as obvious in light of" this and other prior art references identified by Defendants.  (*Id.* at 35.)  Against this backdrop, Defendants have failed to explain how the invalidity challenges advanced in their summary judgment motions were negatively affected by the Court's purported decision to "discount" Ms. McSweeney's declaration.  Nor have they identified any error in the Court's ruling that Defendant TKH cannot rely on this declaration by virtue of its failure to include Ms. McSweeney on its witness lists.

Having failed to explain how the Court might have "discounted" Ms. McSweeney's declaration in its summary judgment ruling, Defendants nonetheless insist that a fair reading of this declaration establishes as a matter of law that the Smith Thesis qualifies as a "printed publication."  Be that as it may, Defendants have not pointed to any portion of their underlying summary judgment briefing in which they sought a ruling as a matter of law on this discrete issue,[2] and the Court declines Defendants' invitation to address an issue raised for the first time in a motion for reconsideration.  While Defendants insist that Plaintiffs have no argument to offer against the "printed publication" status of the Smith Thesis, Plaintiffs were never called upon to make this

---

[2] To the contrary, as Plaintiffs observed in their summary judgment briefing, Defendant TKAG "mention[ed] the 'Smith Thesis' in its [summary judgment] motion and in the introductory portion of its brief," but did not "analyze the 'Smith Thesis' at all" in the argument portion of this brief.  (Plaintiffs' Br. in Response to Defendant TKAG's Motion at 13 n.3.)

specific argument in their summary judgment briefing, but instead pursued different — and, the Court might add, successful — grounds for contesting Defendants' reliance on the Smith Thesis as part of their challenge to the validity of the '169 Patent. Whether Plaintiffs can rebut Ms. McSweeney's declaration or otherwise disprove the status of the Smith Thesis as a "printed publication" must await determination at a later stage of these proceedings.

Accordingly, for these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendants' November 5, 2014 motion for reconsideration (docket #490) is DENIED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: November 14, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 14, 2014, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135